UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JILL ALLEN,
                Plaintiff,

                                          Case No.  1:16-cv-170

v.

                                          HON. PAUL L. MALONEY

COMMISSIONER OF SOCIAL
SECURITY,
                Defendant.
_____/

## OPINION

This is a social security action brought under 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner). Plaintiff Jill Allen seeks review of the Commissioner's decision denying her claim for disability insurance benefits (DIB) under Title II of the Social Security Act.

## STANDARD OF REVIEW

The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a *de novo* review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).  It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla but less than a preponderance. *See Cohen v. Sec'y of Health & Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such

relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever evidence in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health & Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984). The substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). This standard affords an administrative decision maker wide latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence could have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## PROCEDURAL POSTURE

Plaintiff was forty-nine years of age on the date of the ALJ's decision. (PageID.32, 50.) She has a high school education and was previously employed as a church secretary. (PageID.50, 65.) Plaintiff applied for benefits on July 12, 2013, alleging that she had been disabled since November 30, 2012, due to arthritis in her hip and lower back, thoracic outlet syndrome, osteoarthritis, and fibromyalgia. (PageID.70, 135–137.) Plaintiff's application was denied on August 21, 2013, after which time she requested a hearing before an ALJ. (PageID.83–87.) On July 1, 2014, Plaintiff appeared with counsel before ALJ Thomas Walters for an administrative hearing at which time both Plaintiff and a vocational expert (VE) testified. (PageID.46–68.) On August 13, 2014, the ALJ issued his decision finding Plaintiff was not disabled. (PageID.32–44.) On December 23, 2015, the Appeals Council declined to review the ALJ's decision, making it the Commissioner's final decision in the matter. (PageID.22–27.) Plaintiff subsequently initiated this action under 42 U.S.C. § 405(g).

2

**ALJ'S DECISION**

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. § 404.1520(a-f).[1] If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. § 404.1520(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining the claimant's residual functional capacity (RFC). *See* 20 C.F.R. § 404.1545.

Plaintiff has the burden of proving the existence and severity of limitations caused by her impairments and that she is precluded from performing past relevant work through step four. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). At step five, it is the Commissioner's burden "to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.*

ALJ Walters determined Plaintiff's claim failed at the fifth step of the evaluation. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged disability onset date. (PageID.37.) At step two, the ALJ determined Plaintiff had the following severe impairments: (1) degenerative disc disease; (2) obesity; (3) fibromyalgia; (4) neuropathy; and

---

[1] 1.  An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. § 404.1520(b));

2.  An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. § 404.1520(c));

3.  If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. § 404.1520(d));

4.  If an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. § 404.1520(e));

5.  If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed. (20 C.F.R. § 404.1520(f)).

(5) left shoulder disorder. (PageID.37.) At the third step, the ALJ found that Plaintiff did not have

an impairment or combination of impairments that met or equaled the requirements of the Listing

of Impairments. (PageID.38.) At the fourth step, the ALJ determined Plaintiff retained the RFC

based on all the impairments:

> to perform light work as defined in 20 CFR 404.1567(b) with the following limitations: the claimant can lift or carry a maximum of 20 pounds occasionally and 10 pounds frequently.  In an eight hour workday, the claimant can walk or stand for six hours and sit for six hours.  She can do no overhead work.  The claimant can occasionally bend, turn, crouch, stoop, climb, crawl and kneel.  She can not walk greater than 100 feet.  The claimant can not work around moving machinery or unprotected heights.  She can only do unskilled work with simple repetitive instructions due to pain and side effects from medication.

(PageID.38.) Continuing with the fourth step, the ALJ determined that Plaintiff was unable to

perform any of her past relevant work. (PageID.40.) At the fifth step, the ALJ questioned the VE to

determine whether a significant number of jobs exist in the economy that Plaintiff could perform

given her limitations. *See Richardson*, 735 F.2d at 964. The VE testified that Plaintiff could perform

other work as cashier (80,000 jobs), officer helper (50,000 jobs) and price marker (40,000 jobs).

(PageID.65–66.) Based on this record, the ALJ found that Plaintiff was capable of making a

successful adjustment to ample work that exists in the national economy. (PageID.41.)

Accordingly, the ALJ concluded that Plaintiff was not disabled from November 30, 2012,

through August 13, 2014.  (PageID.41.)

## DISCUSSION

### 1.    Plaintiff Has Not Shown How the ALJ Erred in Considering Her Fibromyalgia.

Plaintiff first argues the ALJ failed to perform a proper evaluation of her fibromyalgia under

SSR 12-2p. (PageID.363.) She argues that the condition was  "never considered under the listed

impairments and it was never evaluated within the residual functional capacity evaluation." (PageID.365.) Plaintiff's contention is without merit. To the extent Plaintiff claims the ALJ erred by not conducting a fuller evaluation at step three, the Court finds no reversible error. Recent Sixth Circuit opinions have "declined to require remand whenever an ALJ provides minimal reasoning at step three of the five-step inquiry." *Wilson v. Colvin*, No. 3:13–cv–710, 2015 WL 1396736, at * 3 (E.D. Tenn. Mar. 26, 2015) (citing *Forrest v. Comm'r of Soc. Sec.*, 591 F. App'x 359, 364–66 (6th Cir. 2014) and *Malone v. Comm'r of Soc. Sec.*, 507 F. App'x 470, 472 (6th Cir. 2012)).

    In *Forrest*, for example, the Sixth Circuit rejected the plaintiff's arguments that a "sparse step-three analysis" required remand either because it failed to follow agency regulations and denied the claimant an important procedural right or because the ALJ's failure to explain his findings precluded substantial evidence review. 591 F. App'x at 364. The Sixth Circuit stated that they:

> decline[d] Forrest's invitation to extend *Wilson* [v. *Comm'r of Soc. Sec.*, 378 F.3d 541 (6th Cir. 2004)] to require remand when the ALJ provides minimal reasoning at step three of the five-step inquiry, especially where Forrest did not argue at the hearing that he met a particular listing. Importantly, the regulations governing the five-step inquiry require only that the ALJ 'consider all evidence in [the claimant's] case record,' 20 C.F.R. § 404.1520(a)(3), and, at step three, 'consider the medical severity of [the claimant's] impairment(s),' *id.* § 404.1520(a)(4)(iii). *See Bowie* [*v. Comm'r of Soc. Sec.*], 539 F.3d [395,] 400 [6th Cir. 2008]] (distinguishing requirement that ALJ 'consider' from requirement that he give 'good reasons').

*Forrest*, 591 F. App'x at 365. Moreover, the Sixth Circuit recognizes that any error with respect to the ALJ's step three analysis is harmless unless the claimant can establish that she satisfied the listing in question. *Id.* at 366; *see also Chappell v. Commissioner*, No. 1:14–cv–1005, 2015 WL 4065261, at *4 (W.D. Mich. July 2, 2015). Plaintiff bears the burden to demonstrate that she satisfies a Listing. *See Kirby v. Comm'r of Soc. Sec.*, 2002 WL 1315617 at *1 (6th Cir., June 14, 2002). A

review of the medical record reveals that Plaintiff cannot meet her burden. Indeed, she has not even identified a possible listing for review. Plaintiff's argument here fails.

Moving on to the RFC discussion, Plaintiff's claim is also without substance. Plaintiff neither addresses the requirements of SSR 12–2p, nor how the ALJ failed to meet those requirements. That the ALJ did not explicitly cite SSR 12–2p does not mean that it was not followed.[2] On the contrary, the ALJ followed SSR 12–2p at § VI.D., which states that when considering the RFC for a person with fibromyalgia "we will consider a longitudinal record whenever possible because the symptoms of [fibromyalgia] can wax and wane so that a person may have 'bad days and good days.'" SSR 12–2p, 2012 WL 3104869, at *6. The record shows that the ALJ explicitly discussed Plaintiff's fibromyalgia at several points during the RFC portion of his decision. (PageID.38–40.) While the ALJ's discussion here may have been brief, Plaintiff has not identified a record in the one hundred thirty-seven pages of medical exhibits that she claims the ALJ should have discussed. The Court finds the ALJ gave an accurate discussion of the medical record.

In his discussion, the ALJ also addressed Plaintiff's credibility, which is particularly relevant in fibromyalgia claims, as there often is an absence of sufficient objective medical evidence to support the claim. *See Blair v. Comm'r of Soc. Sec.*, 430 F. App'x 426, 430 (6th Cir. 2011); *see also Sarchet v. Chater*, 78 F.3d 305, 306 (7th Cir. 1996) ("[t]here are no laboratory tests for the presence or severity of fibromyalgia").

An ALJ may discount a claimant's credibility where the ALJ "finds contradictions among

---

[2]SSR's "are binding on all components of the Social Security Administration" and "represent precedent final opinions and orders and statements of policy and interpretations" adopted by the agency. 20 C.F.R. § 402.35(b)(1). While SSR's do not have the force of law, they are an agency's interpretation of its own regulations and "entitled to substantial deference and will be upheld unless plainly erroneous or inconsistent with the regulation." *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 498 (6th Cir.2006). *See* SSR 12–2p, 2012 WL 3104869 (S.S.A. July 25, 2012).

the medical records, claimant's testimony, and other evidence." *Walters v. Comm'r of Soc. Sec.*, 127

F.3d 525, 531 (6th Cir. 1997).  "It [i]s for the [Commissioner] and his examiner, as the fact-finders,

to pass upon the credibility of the witnesses and weigh and evaluate their testimony."  *Heston v.*

*Comm'r of Soc. Sec.*, 245 F.3d 528, 536 (6th Cir. 2001) (quoting *Myers v. Richardson*, 471 F.2d

1265, 1267 (6th Cir. 1972)). A court "may not disturb" an ALJ's credibility determination "absent

[a] compelling reason." *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001).

     The threshold for overturning an ALJ's credibility determination on appeal is so high, that

in recent years, the Sixth Circuit has expressed the opinion that "[t]he ALJ's credibility findings are

unchallengeable,"  *Payne v. Comm'r of Soc. Sec.*, 402 F. App'x 109, 113 (6th Cir. 2010), and that

"[o]n appeal, we will not disturb a credibility determination made by the ALJ, the finder of fact . .

. [w]e will not try the case anew, resolve conflicts in the evidence, or decide questions of

credibility." *Sullenger v. Comm'r of Soc. Sec.*, 255 F. App'x 988, 995 (6th Cir. 2007). Nevertheless,

an ALJ's credibility determination regarding subjective complaints must be reasonable and

supported by substantial evidence. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 249 (6th Cir.

2007).  Here, the ALJ evaluated Plaintiff's credibility in pertinent part as follows:

> The claimant testified she is unable to work due to inability to concentrate and constant pain but in August 2013 stated she performed a wide range of activities of daily living, did crafts, drove and was able to handle her financial affairs.  The claimant testified she can walk for 10 minutes but in August 2013 reported she could walk for 30 minutes (Exhibit 5E).  On May 30, 2014 the claimant rated her pain level an 8/10 but Dr. Storms noted the claimant was cooperative, alert and in no acute distress (Exhibit 9F).

(PageID.39.) Based on this record, there is no compelling reason to disturb the ALJ's credibility

determination. *Smith*, 307 F.3d at 379.

     Finally, Plaintiff provides a lengthy discussion of two court decisions from outside this

district. Plaintiff does not demonstrate how these cases require a different result, and on review, the

Court finds both cases to be inapplicable.  In *Swain v. Commissioner of Social Security*, 297 F. Supp.

2d 986, 994 (N.D. Ohio 2003), the claimant appealed the Commissioner's decision that she was not

disabled due to her fibromyalgia.  The court remanded the case because the ALJ had placed "undue

emphasis on the absence of medical evidence" when discounting the claimant's complaints and a

treating physician's opinion. *Id.* Here, the ALJ did not rely on the absence of objective evidence

when discounting Plaintiff's credibility, and there is no treating physician opinion on file.  In

*Runyon v. Apfel*, 100 F. Supp.2d 447, 450 (E.D. Mich. 1999) the court remanded for a reason similar

to the *Swain* decision: the ALJ had discounted a treating physician's opinion regarding a claimant

suffering from fibromyalgia on the grounds that the objective record did not support the doctor's

opinion. *Id.*  Again, there is no treating physician opinion here.

  For all the above reasons, Plaintiff's claim of error is denied.[3]

  **2. Plaintiff Has Not Shown Error Regarding the ALJ's RFC Determination.**

  As noted above, the ALJ found that Plaintiff had the RFC to perform a reduced range of light

work. In doing so, the ALJ stated in part that Plaintiff could stand or walk for a total of six hours in

an eight hour workday, but could not walk distances greater than one hundred feet. (PageID.38.)

Plaintiff next claims that this latter limitation is "wholly inconsistent" with the definition of light

work. (PageID.366.)

  RFC is the most, not the least, a claimant can do despite her impairments. 20 C.F.R. §

---

[3]Plaintiff has raised five claims of error in her Statement of Errors (PageID.360), but it is not entirely clear from Plaintiff's brief where the discussion of one claim of error ends and another begins.  The Court finds the above discussion covers Plaintiff's first through third claim of error. To the extent Plaintiff raises other arguments, the Court finds them to be waived. *See McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in a most skeletal way, leaving the court to . . . put flesh on its bones.").

404.1545(a); *see Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 499 (6th Cir. 2006).  RFC is

an administrative finding of fact reserved to the Commissioner.  20 C.F.R. § 404.1527(d)(2); *see*

*Deaton v. Comm'r of Soc. Sec.*, 315 F. App'x 595, 598 (6th Cir. 2009).  The regulations define light

work as follows:

> Light work involves lifting no more than 20 pounds at a time with
> frequent lifting or carrying of objects weighing up to 10 pounds.
> Even though the weight lifted may be very little, a job is in this
> category when it requires a good deal of walking or standing, or
> when it involves sitting most of the time with some pushing and
> pulling of arm or leg controls. To be considered capable of
> performing a full or wide range of light work, you must have the
> ability to do substantially all of these activities. If someone can do
> light work, we determine that he or she can also do sedentary work,
> unless there are additional limiting factors such as loss of fine
> dexterity or inability to sit for long periods of time.

20 CFR 404.1567(b).

The Court disagrees that this definition is "wholly inconsistent" with Plaintiff's RFC. As the

above definition makes clear, a job may be in the category when it requires a "good deal of walking

*or* standing" or when it involves "sitting most of the time with some pushing or pulling or arm or

leg controls." *Id.* (emphasis added). Both these limitations clearly allow for a limitation of walking

for no more than one hundred feet at any one time. Accordingly, the RFC and light work definition

are not, on their face, inconsistent.

The record further shows that at the hearing, the VE responded with several positions in

response to a hypothetical incorporating the above limitations. (PageID.65–66.)  Plaintiff had the

opportunity to question the VE on this matter and bring to the ALJ's attention any alleged conflict,

but did not do so.  (PageID.66–67.)  This is a matter that should have been raised and preserved long

ago during the administrative process.  Courts generally do not tolerate sandbagging. *See, e.g.*,

*Carson v. Hudson*, 421 F. App'x 560, 563 (6th Cir. 2011); *Davis–Gordy v. Comm'r of Soc. Sec.*, No. 1:11–cv–243, 2013 WL 5442418, at * 7 (W.D. Mich. Sept. 30, 2013); *Frederick v. Comm'r of Soc. Sec.*, No. 10–11349, 2011 WL 1518966, * 9 (E.D. Mich. Mar. 25, 2011) (collecting cases); *Saunders v. Comm'r of Soc. Sec.*, No. 1:08-CV-1136, 2010 WL 1132286, at *6 (W.D. Mich. Mar. 3, 2010), *report and recommendation adopted*, No. 1:08-CV-1136, 2010 WL 1132245 (W.D. Mich. Mar. 23, 2010).  Accordingly, this claim of error is denied.

### 3.   Plaintiff Has Not Demonstrated Error Regarding Any Mental Impairments.

In her final claim of error, Plaintiff claims that the "ALJ made significant error in not evaluating Plaintiff's severe impairments of depression, anxiety, and panic disorder at steps two, three, and four of the sequential process." (PageID.360.)  Plaintiff, however, did not list any of these impairments in her application and disability report.  (PageID.70.)  Regarding Plaintiff's first contention, a "severe impairment" is defined as an impairment or combination of impairments "which significantly limits your physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c).  The severity standard is used an "administrative convenience to screen out claims that are totally groundless solely from a medical standpoint." *Higgs v. Bowen*, 880 F.2d 860, 862–63 (6th Cir. 1988).  Upon determining that a claimant has one severe impairment the ALJ must continue with the remaining steps in the disability evaluation.  *See Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987). Once the ALJ determines that a claimant suffers from a severe impairment, the fact that the ALJ failed to classify a separate condition as a severe impairment does not constitute reversible error, because the ALJ can consider such non-severe conditions in determining the claimant's residual functional capacity.  *Id.*  Here, the ALJ found that Plaintiff suffered from several severe impairments.  (PageID.37.)  Even if the ALJ had improperly

10

classified plaintiff's mental impairments as "not severe," this classification is not an error requiring reversal. *See Maziarz*, 837 F.2d at 244.

Regarding Plaintiff's step three claim, as noted above a harmless error standard applies when a claimant cannot demonstrate she satisfies the requirements of a listing in question. *Forrest*, 591 F. App'x at 365. As Plaintiff has not even identified a listing, this argument is rejected.

The more complex issue for the Court is whether the ALJ properly considered Plaintiff's non-severe mental impairments in evaluating her RFC. RFC is a medical assessment of what an individual can do in a work setting in spite of functional limitations and environmental restrictions imposed by all of his medically determinable impairments. See 20 C.F.R. § 404.1545. As noted above, it is RFC is defined as "the maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs" on a regular and continuing basis. 20 C.F.R. Part 404, Subpt. P, App. 2, § 200.00(c)*; see Cohen*, 964 F.2d at 530. "Once one severe impairment is found, the combined effect of all impairments must be considered, even if other impairments would not be severe. *See* 20 C.F.R. §§ 404.1523, 404.1545(a)(2)." *White v. Comm'r of Soc. Sec.*, 312 F. App'x 779, 787 (6th Cir. 2009) (noting that while the ALJ did not err in determining that the alleged mental impairment was not severe, the ALJ did err when he gave no explanation for completely discounting objective evidence of the claimant's mental impairment in determining the RFC).

Plaintiff contends that her mental conditions limit her ability to perform work related activities by pointing to her diagnoses of depression and anxiety and noting she was taking medication. However, neither fact is dispositive on the issue of disability. "[T]he mere diagnosis of an impairment does not render an individual disabled nor does it reveal anything about the

limitations, if any, it imposes upon an individual." *McKenzie v. Comm'r of Soc. Sec.*, No. 99–3400, 2000 WL 687680 at *5 (6th Cir. May 19, 2000) (citing *Foster v. Bowen*, 853 F.2d 488, 489 (6th Cir. 1988)). While there are some instances documenting Plaintiff's complaints of depression, (PageID.213, 221, 274), the record is largely sparse regarding any treatment for mental impairments. At times Plaintiff was prescribed medication and supplements, and it was noted that Effexor, which she was taking for fibromyalgia, would also improve her anxiety (PageID.214, 220.) But mental status exams consistently found Plaintiff had an appropriate mood and affect.  (PageID.209. 219, 222, 254.) On July 31, 2013, it was noted that there was no mood change, depression, or nervousness. (PageID.245.) In sum, Plaintiff has not demonstrated, and the record does not support a conclusion that, her mental impairments limit her beyond that the limitations provided by the ALJ. This claim fails.[4]

### CONCLUSION

For the reasons articulated herein, the undersigned concludes that the ALJ's decision is **AFFIRMED.** A separate judgment shall issue.


Dated:  November 2, 2016                    /s/ Paul L. Maloney
                                             PAUL L. MALONEY
                                             United States District Judge

---

[4]Plaintiff tacks on a boilerplate argument to this claim, arguing that the ALJ failed to provide a narrative discussion consistent with SSR 96-8p. (PageID.367.)  Plaintiff failed to raise this argument in her Statement of Errors, however, and it is accordingly waived.  *See York v. Astrue*, No. 3:12–cv188, 2013 WL 796288, at *5 (S.D. Ohio Mar. 4, 2013) (citing *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 513 (6th Cir. 2010)); *Oudsema v. Comm'r of Soc. Sec.*, No. 1:11–cv1264, 2013 WL 588925, at *5 (W.D. Mich. Feb.13, 2013).